IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | CR. No. 2:13-279-1 |
| v. | § | |
| | § | |
| GUSTAVO GONZALEZ, | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER

Gustavo Gonzalez filed a *pro se* Rule 60(b) motion for relief from this Court's denial of his § 2255 motion on the grounds that the underlying offense for enhancement of his sentence from 10 to 20 years is no longer qualifies as a proper predicate. D.E. 126.

Gustavo Gonzalez is a truck-driver. In 2013 he was convicted of possession with intent to distribute approximately 1560.8 kilograms of marijuana. 21 U.S.C. § 841(a)(1), 841(b)(1)(A). The jury rejected his testimony that he was forced to carry unknown cargo with his legitimate load of electronics. At the time of his arrest, Gonzalez was on probation for a 2007 Texas conviction for marijuana possession. Because the government filed a § 851 enhancement the morning trial began, Gonzalez' minimum mandatory sentence was 20 years on enhancement. After a jury's verdict of guilty, a sentence of 20 years was imposed as required by law.

Gonzalez filed a § 2255 motion to vacate, set aside or correct sentence that raised one issue--he rejected a plea agreement because his lawyer incorrectly and ineffectively

1

told him the government had to prove that Gonzalez knew he possessed more than 1000 kilograms of marijuana (i.e. the kind of controlled substance) with intent to distribute it. D.E. 89. After a hearing, the Court denied Gonzalez' motion. Gonzalez appealed and his appeal is pending before the Fifth Circuit Court of Appeals.

## MOVANT'S ALLEGATIONS

Gonzalez states, "Recent Supreme Court cases lead Gonzalez to believe that the predicate offense used by the U.S. Attorney in its Information of Prior Conviction and Notice of Enhancement of Punishment due to 21 U.S.C. § 851 cannot be used and the 851 proceeding is unconstitutional." D.E. 126, p. 2. Gonzalez requests that the Court vacate its previous judgment and allow him to amend his § 2255 motion.

## ANALYSIS

**A.    Federal Rule of Civil Procedure 60(b)**

The Federal Rules of Civil Procedure are applicable to federal habeas practice "only to the extent that they are not inconsistent with any statutory provisions or these rules." Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts (2017).

In some instances, a defendant bringing a Rule 60(b) motion may run afoul of the prohibition on second or successive motions. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (post-judgment motion pursuant to Rule 60(b) may be construed as second or successive § 2255); *Williams v. Thaler*, 602 F.3d 291, 303 & n.10 (5th Cir. 2010) (finding

59(e) claim to be second or successive). It is only when a Rule 60 or 59(e) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. *Gonzalez*, 524 U.S. at 532. Any other claim pursuant to either rule must be considered second or successive. *Id.* Ortiz does not attack the proceedings in his previous § 2255, but instead raises new claims and resurrects old ones.

**B.      Gonzalez' Motion Is Second or Successive**

Gonzalez' motion does not claim any procedural irregularity in the previous proceeding. Instead, he seeks to raise an entirely new issue.

He is entitled to a single § 2255 motion unless he obtains the permission of the Fifth Circuit Court of Appeals to file a second motion. *See Gonzalez*, 545 U.S. at 531; *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Gonzalez' motion does not indicate that he has sought or obtained such permission. Without permission from the Fifth Circuit, this Court does not have the power to adjudicate his claim.

**CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."

28 U.S.C. § 2253(c)(1)(A). An appeal from the denial of a Rule 59(e) or Rule 60 motion requires a certificate of appealability in all but very narrow circumstances. *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) ("We therefore hold . . .that a COA is not required to appeal the denial of a Rule 60(b) motion . . . only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief."); *Williams v. Quarterman*, 293 Fed. App'x. 298 at *16 (5th Cir., Sept. 19, 2008) (per curiam) (designated unpublished) ("Williams also must obtain a COA to appeal his Rule 59(e) motion.").

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Gonzalez is not entitled to a Certificate of Appealability on any of his claims. Reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## CONCLUSION

For the foregoing reasons, Gonzalez' Rule 60(b) motion (D.E. 126) is DENIED. He is also denied a Certificate of Appealability.

ORDERED this _7_ day of September, 2017.

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE